THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RICARDO ORTIZ, Defendant and Appellant.

No. 7851.  Argued November 15, 1939.—Decided January 31, 1940.

*José Soto Rivera* for appellant.  *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Ricardo Ortiz was sentenced to pay a $50 fine or in default thereof to a day in jail for each dollar left unpaid, for violation of the Final Order of the Public Service Commission of January 4, 1938. In his brief in support of his appeal he attacks the sufficiency of the information and alleges that the verdict is contrary to the evidence.

The relevant part of the information reads as follows:

"That on July 30, 1938, at 6.45 p. m., in Fernández Juncos Avenue, Stop 26½, within the municipal judicial district of San Juan, which is part of the judicial district of San Juan, P. R., defendant Ricardo Ortiz, then and there, unlawfully, wilfully, maliciously and criminally, without being first authorized by the Public Service Commission of Puerto Rico and while driving as chauffeur car No. P. 2985, was operating the same as public carrier transporting therein passengers by the seat. He dropped 5 passengers taken in San Juan thus infringing the Final Order of the

Public Service Commission of January 4, 1938, which had been published in the newspapers El Mundo (on January 10, 1938), La Correspondencia (on January 11, 1938), El País (on January 12, 1938), and approved by the Governor of Puerto Rico on January 7, 1938, and reading as follows: . . .''

The complaint literally follows the language of the Final Order which is then transcribed. Therefore, we have to conclude that the same is sufficient. As ground for the insufficiency of the information, the defendant alleged that the same is unconstitutional. In this connection it will be sufficient for us to cite the case of *Jaime Ortiz et al* v. *Public Service Commission of Puerto Rico,* decided by the Court of Appeals for the First Circuit on the 8th inst., in which, on the grounds set forth by this court and by the District Court of San Juan, the constitutionality of the order in question was upheld, it being stated by the district court that the Public Service Commission in issuing the said order acted within the powers conferred on it by section 38 of our Organic Act.

The judgment is not in conflict with the evidence. The evidence for the prosecution tends to show that the defendant took in passengers by the seat in San Juan and dropped them in Santurce. According to the evidence for the defendant the passengers were taken in Bayamón and were on their way to Santurce when the car was stopped by the complainant policeman. The lower court resolved the conflict in the evidence against the defendant, and as it has not been shown that in doing so it committed manifest error or had been moved by passion, prejudice or bias, the appeal must be dismissed and the judgment appealed from affirmed.